**IN THE UNITED STATES DISTRICT Court
FOR THE DISTRICT OF COLORADO
Magistrate Judge David L. West**

**Criminal Case No. 14-MJ-00100-DLW**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**1. HERMILIO HURTADO-FLORES,**

  **Defendant.**

___

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND REASONS
FOR ORDER OF DETENTION**
___

**THIS MATTER** came before the Court for a detention and preliminary hearing on January 21, 2014. Present were the following: Todd Norvell, Assistant United States Attorney, Brian K. Schowalter, counsel for the Defendant, and the Defendant. Also present were Erika Hitti, Probation/Pretrial Services Officer and the Interpreter, Jean Lyle. Defendant and his counsel filed written waivers of the Detention and Preliminary Hearings.

In order to sustain a motion for detention, the Government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the Defendant's presence for Court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

If there is probable cause to believe that the Defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act 18 U.S.C §3142(g), directs the Court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the Defendant as required and the safety of any other person and the community:

- the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

- the weight of the evidence against the person;

- the history and characteristics of the person, including –

    - the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at Court proceedings; and

    - whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

- the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The Government is requesting detention in this case. In making my findings of fact, I have taken judicial notice of the waivers of the Detention and Preliminary Hearings by the Defendant, information set forth in the Pretrial Services Report and entire Court file.. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the Defendant was charged in an Criminal Complaint under 8 U.S.C. § 1326(a)(1)(2) and (b)(1), Illegal Re-Entry After Removal Subsequent to a Conviction for Commission of a Felony. Based on the Defendant's waiver of the Preliminary Hearing the Court, has found and concluded that probable cause exists that the Defendant committed the charged offense.

Second, I note that there is an I.C.E. detainer for the Defendant, Defendant has used three (3) different aliases, two (2) different social security numbers, two (2) different dates of birth, is a citizen of Mexico and was previously deported in 2009.

As a result, after considering all of these factors, I find, by a preponderance of evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the Defendant.

**IT IS HEREBY ORDERED** that the Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

**IT IS FURTHER ORDERED** that the Defendant be afforded reasonable opportunity for private consultation with counsel; and

**IT IS FURTHER ORDERED** that, on order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a Court proceeding.

**DATED and ENTERED** this 21st day of January, 2014.

        **BY THE Court:**

        <u>**s/David L. West**</u>
        **United States Magistrate Judge**